# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:12-cv-74-RLV
# (5:05-cr-09-RLV-4)

| | |
|---|---|
| ROXANNE KIMARIE ECKLES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). No response is necessary from Respondent. For the reasons that follow, Petitioner's Section 2255 Petition will be denied and dismissed.

## I. BACKGROUND

On July 25, 2005, Petitioner was charged in a Second Superseding Bill of Indictment with conspiracy to possess with intent to distribute more than 50 grams of cocaine base, more than 5 kilograms of cocaine, and more than 1,000 kilograms of marijuana in violation of 21 U.S.C. § 846 (Count One). (5:05-cr-09, Doc. No. 265). On February 17, 2006, Petitioner pled guilty to the charges. (Id., Doc. No. 448).

On April 17, 2007, the Court sentenced Petitioner to 240 months imprisonment. Petitioner received a downward departure for substantial assistance and also subsequently received a reduction for the crack cocaine offense based on Amendment 706 to the United States Sentencing Guidelines. (Id., Doc. Nos. 1275; 1327). Petitioner's current sentence is 162 months. Petitioner did not appeal her conviction or sentence. Petitioner filed the instant Section

2255 Motion on or around June 11, 2012.[1]  (5:12cv74, Doc. No. 1).

## II.  DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate.  The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Petitioner pled guilty on February 17, 2006, she was sentenced on May 8, 2007, and she did not appeal.[2]  Her conviction, therefore, became final well more than one year

---

[1] The motion was file-stamped in this Court on June 11, 2012, but it is dated June 6, 2011.  Under the prison mailbox rule, a petitioner's Section 2255 motion is deemed filed on the date that the motion was deposited in the prison's mailing system.  See Rule 3(d) of the Rules Governing Section 2255 Proceedings.  Even if Petitioner's motion is deemed to be filed June 6, 2011, the motion is still untimely, as discussed infra.

[2] Petitioner was resentenced on April 30, 2010, based on Amendment 706 to the United States Sentencing Guidelines.

before she filed the pending Section 2255 motion. Therefore, Petitioner's Section 2255 motion is untimely.

Petitioner contends, however, that the instant motion is timely because it was filed within one year of the date the United States Supreme Court filed its decision in Depierre v. United States, 131 S.Ct. 2225 (2011), on June 9, 2011. See 28 U.S.C. § 2255(f)(3) (providing a one-year statute of limitation to file a Section 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."). Petitioner's argument is without merit, as there is no indication that the Supreme Court has made DePierre retroactive to cases on collateral review. See United States v. Crump, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012); United States v. Drew, 2012 WL 2069657, at *2 (N.D. W. Va. June 8, 2012).

Furthermore, to the extent that Petitioner contends that DePierre somehow altered the burden of proof that the government has in proving distribution of cocaine base, she is incorrect. DePierre established that "cocaine base" as used in 21 U.S.C. § 841(b)(1) means not only crack cocaine, but all cocaine in its chemically basic form. DePierre, 131 S.Ct. at 2231-32. While defining the term "cocaine base," DePierre does not address or specify the type of proof the government must use to prove distribution of cocaine base. Id.; McCullers v. United States, 2012 WL 1942068 (E.D. Va. May 29, 2012). Thus, to the extent that Petitioner is challenging the sufficiency of the evidence upon which her conviction is based, such a challenge is not cognizable on a Section 2255 motion. Dockery v. United States, 237 F.2d 518, 519 (4th Cir. 1956) (per curiam).

In sum, Petitioner's Section 2255 motion will be dismissed as untimely.[3]

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion (Doc. No. 1) be **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: July 9, 2012

Richard L. Voorhees
United States District Judge

---

[3] Normally, in the face of an untimely Section 2255 motion, the Court would give the petitioner an opportunity to address the timeliness of the motion pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). Here, however, Petitioner seeks relief in her Section 2255 Motion solely based on DePierre. Even if the petition were timely, however, Petitioner would have no relief under DePierre. Therefore, giving Petitioner the opportunity to address the timeliness of the petition would be an exercise in futility.