IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV137-RLV
(5:05CR00009-RLV-5)

| | |
|---|---|
| DARLENE ECKLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's Section 2255 motion will be denied and dismissed.

## I. BACKGROUND

On May 8, 2007, the Court entered a judgment sentencing Petitioner to a term of 235 months' imprisonment after she was found guilty by a jury of one count of conspiracy with intent to distribute cocaine, cocaine base, and marijuana, all in violation 21 U.S.C. § 846. (5:05CR00009, Doc. No. 766: Judgment in a Criminal Case). Petitioner noted a timely appeal to the United States Court of Appeals for the Fourth Circuit.

On appeal, Petitioner argued the trial court erred in failing to make particularized findings regarding the scope of her agreement as a participant in the drug conspiracy and the amount of drugs that were reasonably foreseeable to her. In affirming her criminal judgment in all respects, the Court rejected these arguments and her argument that the trial court erred in declining to assign her a mitigated downward role adjustment based on her six-month participation in the

1

conspiracy. See United States v. Eckles, 290 F. App'x 535 (4th Cir. filed Aug. 18, 2008) (unpublished). (Doc. No. 1041). The Supreme Court of the United States denied Petitioner's petition for a writ of certiorari. Eckles v. United States, 555 U.S. 1117 (2009).

Petitioner returns to this Court in this Section 2255 in an effort to revive challenges which were already previously resolved against her on direct appeal or claims which the Court concludes entitle Petitioner to no relief. Accordingly, Respondent's motion for summary judgment will be granted.

## II. STANDARD OF REVIEW

A. Section 2255 Proceedings

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

B. Summary Judgment Standard

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole

could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### III. DISCUSSION

A.   Ground One

In her first claim for relief, Petitioner contends that her counsel failed to sufficiently move for a downward departure; failed to properly prepare for sentencing; and failed to file a timely motion for judgment of acquittal. (5:09-CV-137, Doc. No. 1 at 4).

In order to establish a claim for ineffective assistance of counsel, Petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with errors of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 142, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the

proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). The Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id.

Regarding failure to argue for a downward departure and properly prepare for sentencing, Petitioners misstates the record before this Court. As the Government notes, Petitioner's counsel filed numerous objections to Petitioner's presentence report ("PSR"), in all, 13 paragraphs of written objections. Petitioner's counsel provided particular objection to the PSR's recommendation that she be held responsible for 1.5 kilograms of cocaine base. See (Doc. No. 875: PSR Objections at 24-25 ¶¶ 5-6). In addition, Petitioner's trial counsel strongly objected during her sentencing hearing to the PSR's recommendation regarding 1.5 kilograms of cocaine base, however, those objections were overruled. (Doc. No. 18: Sentencing Tr. at 18-19: "The court finds by the preponderance of the evidence that the amount of cocaine reasonably foreseeable to defendant was in excess of 1.5 kilograms of crack. Consequently, that objection is overruled.").

Petitioner's counsel also moved for a variance from the Guidelines range of 235-240 months based on his argument addressing the factors in 18 U.S.C. § 3553(a), in particular the history and characteristics of the defendant which include her family situation. (Sentencing Tr. at 23-25). While this effort was ultimately unsuccessful and the Court found that the factors in Section 3553(a) were best served by a sentence at the low end of the Guidelines, the Court's decision to disagree with trial counsel does not present a colorable claim of ineffective assistance.

Finally, Petitioner's counsel did in fact make a motion for a judgment of acquittal at the

4

close of the Government's evidence which was denied:

> Mr. Williams: But just as a housekeeping matter and for the record, at the end of the government's case, we would just move for a motion of dismissal as to Darlene Eckles . .
>
> The Court: All those motions will be denied, the court taking the evidence in the light most favorable to the government as it's required to do.

(Doc. No. 870: Trial Tr. at 4).

The Court has considered Petitioner's arguments in Ground One and finds that she has failed to meet her burden of demonstrating deficient performance, or, for that matter, prejudice.

B.   Second Ground

Here Petitioner contends that trial counsel was ineffective in failing to properly prepare for trial. While pointing vaguely to actions, or omissions of her counsel, Petitioner's arguments are largely conclusory and do not alert this Court to what conduct did not measure up to the requirements Strickland. The undersigned presided over the entirety of Petitioner's trial and finds that Petitioner has failed to prove prejudice under Strickland and this argument will be overruled.

C.   Third Ground

Petitioner contends that the trial court erred in relying on the evidence contained in the PSR in finding that she was responsible for 1.5 kilograms of cocaine base. (5:10CV137, Doc. No. 1-1 at 3-4). As the Government correctly notes, Petitioner is precluded from relitigating an issue already decided against her on direct appeal. The Fourth Circuit noted this argument regarding drug amount and rejected it after finding there was sufficient evidence to support the trial court's finding of in excess of 1.5 kilograms. Eckles, 290 F. App'x at 535-537. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (finding that a defendant may not relitigate an issue decided on direct appeal); see also United States v. Bell, 5 F.3d 64, 66

5

(4th Cir. 1993) (explaining that the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court."). This argument will therefore be denied.

D. Unreasonable Sentence

As discussed herein, the Fourth Circuit has already concluded that the trial court's imposition of Petitioner's sentence of 235 months' was not unreasonable. As this has already been decided against Petitioner on direct appeal, she is not free to relitigate this issue.

E. The Court erred in failing to grant a downward departure

The Fourth Circuit considered the trial court's conclusion that Petitioner was not entitled to a downward variance. See Eckles, 290 F. App'x at 536-37 ("Our review of the record leads us to conclude that the district court did not clearly err in this regard because Eckles failed to meet her burden of showing that she was entitled to the downward adjustment."). To the extent this pertains in some way to her ineffective assistance of counsel claim, the Court finds that the evidence of her involvement in the drug conspiracy was overwhelming and undercuts her claim of ineffective assistance. This claim for relief will be dismissed.

F. DePierre Claim

On June 7, 2012, Petitioner filed a motion claiming that she is entitled to a sentencing adjustment based on the Supreme Court's decision in DePierre v. United States, 131 S.Ct. 2225 (2011) and under the Sentencing Guidelines. Specifically, Petitioner contends that the Supreme Court "created a new substantive rule that held that 'cocaine base' as used in the statute includes all forms of 'base' cocaine, meaning crack, free base, and any other 'base' form of cocaine, as distinguished from powder cocaine." (5:10-CV137, Doc. No. 21 at 1).

Petitioner was convicted of conspiracy to distribute crack cocaine, and in an amount in

excess of 1.5 kilograms. Thus, DePierre did nothing to decriminalize the conduct that was found by the jury and upheld on appeal. Petitioner's claim is one for insufficiency of the evidence and will be dismissed. Moreover, courts have held that DePierre does not apply retroactively to cases on collateral review. See, e.g., United States v. Morris, No. 4:08-cr-00040, 2012 WL 5905003 (W.D. Va. 2012) (citing United States v. Crump, No. 7:06-cr-00007-1, 2012 WL 604140, at *2 (W.D. Va. 2012) (finding no retroactivity and denying certificate of appealability), 474 F. App'x 241 (4th Cir. 2012) (unpublished).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED** and **DISMISSED**. (Doc. No. 1)

2. Respondent's Motion for Summary Judgment is **GRANTED**. (Doc. No. 13).

3. Petitioner's claim for relief pursuant to DePierre v. United States is **DENIED** and **DISMISSED**. (21).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of

the denial of a constitutional right).

Signed: March 8, 2013

Richard L. Voorhees
United States District Judge